# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>DANIEL ESTRADA ROSAS,<br><br>    Defendant. | CASE NO. 10cr4290 JM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant Daniel Estrada Rosas moves for reconsideration of this court's April 14, 2011 Order Denying Motion to Dismiss Indictment Pursuant to 8 U.S.C. §1326 ("Order"). The Government opposes the motion. For the reasons set forth below, the court denies the motion for reconsideration.

## BACKGROUND

The court incorporates its April 14, 2011 Order as if fully set forth herein.

## DISCUSSION

Legal Standards

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. N. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

As Defendant does not cite any newly discovered evidence or intervening change in law, the only possible ground for reconsideration is that the court committed clear error or that the Order is manifestly unjust. In the Order the court concluded

> that Defendant was not eligible for a second voluntary departure because the first voluntary departure occurred after he was found inadmissible. At the first immigration hearing wherein Defendant was represented by counsel, Defendant and his counsel both affirmed and "conceded" Defendant's "removability/deportability/excludability." (Defs. Exh. 4). Accordingly, Defendant was inadmissible before he received the first voluntary departure. As a second voluntary departure was not an available option under §1182(a)(6)(A), Defendant cannot demonstrate any prejudice within the meaning of 8 U.S.C. §1326(d).

(Order at p.5:1-9).

The Motion for Reconsideration

The thrust of Defendant's argument is that his immigration counsel, pursuant to the declaration of his expert Jonathan D. Montag, committed "legal malpractice" at the January 15, 2002 hearing by telling the IJ that he was inadmissible. As Defendant was admitted into the Family Unity Program ("FUP"), he concludes that he was paroled into the country and therefore he was not removable under 8 U.S.C. §1182(a)(6)(A)(i). Defendant cites Garcia Quintero v. Gonzalez, 455 F.3d 1006, 1020 (9th Cir. 2006) for the proposition that his acceptance into the FUP program rendered him "admissible in any status" and since he had legal status, the charge of admissibility could not be sustained. (Motion at p.4:13-22).

To support Defendant's argument of ineffective assistance of counsel, Defendant must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

The court concludes that Defendant fails to demonstrate that his counsel's performance was deficient at the time of the January 15, 2002 immigration hearing. At

1 the time of the immigration hearing, the state of the law was not well-settled such that
2 Defendant's counsel provided deficient performance. Furthermore, the only cited
3 authority supporting Defendant's argument issued in 2006 - - the Ninth Circuit's
4 decision in <u>Garcia-Quintero</u>. The court notes that the Fifth Circuit, contrary to the
5 Ninth Circuit, ruled that the benefits under the FUP did not constitute an "admission in
6 any status" to make the alien eligible for cancellation of removal. <u>Diaz de Diaz v.
7 Ashcroft</u>, 108 FedAppx 972, 974 (5th Cir. 2004). Accordingly, Defendant fails to
8 demonstrate that his counsel's performance fell below an objective standard of
9 reasonableness <u>at the time of the hearing</u>.

10   Moreover, Defendant's claim of "malpractice" from a 20/20 hindsight
11 perspective is nothing more than an argument that former counsel should have forecast
12 Defendant's future "worst case scenario," that he would become an aggravated felon
13 without relief from deportation, while casting Defendant's former counsel as the villain
14 in this play. Defendant completely ignores the reality that there were benefits to
15 Defendant being allowed a voluntary departure based on his admitted inadmissibility:
16 he was not charged with a deportation and he preserved a better chance for perfecting
17 legal status in the future. Of course, on this record, one may only speculate as to
18 whether these considerations were the basis for Defendant seeking a voluntary
19 departure. However, given the benefits accorded to Defendant by the January 15, 2002
20 voluntary departure, and the reasonable legal inference one would draw at that time that
21 Defendant was inadmissible, Defendant's retrospective claim of malpractice rings
22 hollow.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  Accordingly, the court denies the motion for reconsideration because Defendant
2  fails to show that entry of the earlier order was fundamentally unfair within the meaning
3  of 8 U.S.C. §1326(d).
4  **IT IS SO ORDERED.**

6  DATED: July 11, 2011

   _____
   Hon. Jeffrey T. Miller
   United States District Judge

10 cc:   All parties